**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PORTEAL GROOM, : | |
| : Petitioner, : | Civil No. 06-1901 (JBS) |
| v. : | |
| CHARLES E. SAMUELS, WARDEN, : | **OPINION** |
| Respondent. : | |

**APPEARANCES:**

> PORTEAL GROOM, Petitioner <u>pro se</u>
> #30504-037
> F.C.I. Fort Dix
> P.O. Box 7000
> Fort Dix, New Jersey 08640

**SIMANDLE, District Judge**

This matter is before the Court on the petition of Porteal Groom ("Groom") for habeas corpus relief under 28 U.S.C. § 2241, challenging his federal conviction and sentence. For the reasons set forth below, the Court will dismiss the petition.

## I. <u>BACKGROUND</u>

On or about November 25, 1996, Groom was sentenced to a 262 month term of imprisonment after a jury verdict of guilty on charges of conspiracy to distribute heroin, importation of a controlled substance, and attempted importation, aiding and abetting. Groom appealed his conviction to the United States

Court of Appeals for the Fourth Circuit.  The Fourth Circuit affirmed the conviction and sentence in October 1998.  Groom also filed a motion challenging his conviction and sentence under 28 U.S.C. § 2255 with the sentencing court in the United States District Court for the District of Maryland.  This first § 2255 motion was denied.  Thereafter, Groom filed another § 2255 motion which was dismissed on December 12, 2005 as second or successive.  Groom then made an application to the Fourth Circuit to file a successive application for relief pursuant to 28 U.S.C. § 2244.  The application was denied by Order filed February 27, 2006.

Groom filed this § 2241 habeas petition on or about April 25, 2006 asserting that his indictment was "void ab initio", his indictment was amended during sentencing, and that his sentencing enhancement was unconstitutional.  None of these claims were raised in petitioner's earlier § 2255 motions.  Groom contends that he is proceeding under § 2241 because his claims for relief do not fit the criteria to file a second or successive § 2255 motion.  He also claims that he is "actually innocent" of the crimes charged.

## II.   ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth

"facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   Merits

Groom contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as

3

imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi. See Okereke, supra (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). See also United States v. Swinton, 333 F.3d 481 (3d Cir. 2003) (holding that Apprendi does not apply retroactively to cases on collateral review), cert. denied, 540 U.S. 977 (2003); In re Turner, 267 F.3d 225 (3d Cir. 2001) (same).[1]

Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker, which is an extension of Apprendi. The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), cert. denied, 126 S.Ct. 288 (Oct. 3, 2005). See generally In re Olopade, 403 F.3d 159 (3d Cir. 2005) (finding

---

[1] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Most recently, in United States v. Booker, 543 U.S. 220 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

5

that the decision of the Supreme Court in Booker does not apply retroactively to cases on collateral review); See also Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.), cert. denied, 126 S.Ct. 591 (Oct. 31, 2005).[2]  In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[3]

Here, Groom contends that resort to § 2255 is inadequate or ineffective because his claims do not fit the criteria under § 2255 that must be satisfied in order to seek certification to file a second or successive § 2255 motion.  (Petition at ¶ 13). Thus, it is plain that recourse under § 2255 is only unavailable to petitioner due to his inability to meet the limitations and gatekeeping requirements of § 2255.  As noted above, these

---

[2] See also Blakely v. Washington, 542 U.S. 296 (2004), where the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  124 S.Ct. at 2536-37 (internal quotations omitted).  Blakely also is not retroactively applicable to cases on collateral review.  See United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005), cert. denied, 126 S.Ct. 731 (2005).

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

circumstances do not render § 2255 an inadequate or ineffective remedy, and Groom's petition is subject to dismissal as a second or successive § 2255 motion.

Nevertheless, Groom attempts to circumvent this roadblock by claiming that the Dorsainvil exception applies to him because he is "actually innocent" of the offenses charged. A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[4] A petitioner must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. In other words, Groom must show that he did not commit the crime as charged, not simply that some error in procedure occurred. See Hull v. Freeman, 991 F.2d 86, 91 n.3 (3d Cir. 1993); see also Bousley v. United States, 523 U.S. 614, 624 (1998)("actual innocence" must be "factual innocence", as opposed to procedural insufficiency).

---

[4] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McClesky v. Zant, 499 U.S. 467, 494 (1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

A claim of actual innocence requires a petitioner to show (1) "new reliable evidence ... not presented at trial" establishing (2) "that it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence." Wyldes v. Hundley, 69 F.3d 247, 253-54 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996). Moreover, an "actual innocence" claim does not apply to those whose guilt is conceded or plain. Schlup v. Delo, 513 U.S. 298, 321 (1995). Here, Groom's claims as to "actual innocence" are based on procedural defects, namely, an allegedly defective indictment, an alleged amendment of the indictment, and the sentencing court's enhancement of petitioner's sentence allegedly in violation of Apprendi and Booker. They do not speak to petitioner's actual innocence of the crimes charged, and he offers no compelling evidence of his innocence. Therefore, the Court finds that the actual innocence exception is not available to Groom to proceed under § 2241.

Finally, Groom's claim relating to an allegedly defective indictment based on the omission of an essential element of the charged offense is not "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255, ¶ 8(1). Nothing precluded Groom

from raising any of these claims, including the alleged claim of actual innocence, on appeal or in a timely § 2255.  Groom does not, and indeed cannot, cite to an intervening change in the law[5] or other extraordinary circumstances to show that he may actually be innocent of the crimes for which he was convicted.  Therefore, Groom cannot proceed via § 2241 and his petition should be dismissed for want of jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Thus, a second or successive § 2255 motion in this instance may be brought in the district of conviction only if the applicable Court of Appeals, *i.e.*, the Fourth Circuit, has authorized such filing.  28 U.S.C. § 2255.

Here, Groom has already sought leave to file a second or successive § 2255 motion in the Fourth Circuit.  On February 27,

---

[5] Groom argues that he had "no earlier opportunity to challenge his conviction for a crime that an intervening change in the law may negate." Dorsainvil, 119 F.3d at 251.  He states that the issues he presents in his petition were previously unavailable to him.  He relies on In re Winship, 397 U.S. 358 (1970), and its recent application to federal defendants via Booker.  This argument is unavailing.  Winship was available when Groom filed his first § 2255 motion.  Furthermore, even if Winship did not extend to federal defendants and the U.S. Sentencing Guidelines until the Supreme Court ruling in Booker, Booker does not apply retroactively to cases on collateral review.  Lloyd, 407 F.3d 608.

9

2006, the Fourth Circuit denied Groom's application for leave to file a second or successive § 2255 motion.  Accordingly, it is not in the interest of justice to transfer this matter to the Fourth Circuit to review yet again.  The Court is constrained to dismiss the petition as a second or successive § 2255 motion over which this Court has no jurisdiction.

### III.  CONCLUSION

For the reasons set forth above, the petition will be dismissed.  An appropriate order follows.

s/ Jerome B. Simandle
JEROME B. SIMANDLE
United States District Judge

Dated:   **June 21, 2006**